IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMAI JOHNSON,

        Plaintiff,                          No. 2:12-cv-01903 DAD P

    vs.

C. CARROZZO, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (<u>See</u> Doc. No. 5.)

**I. In Forma Pauperis Application**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff will be assessed an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the

1

average monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of this action. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**II. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

1 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III. Plaintiff's Complaint**

Plaintiff alleges as follows. On April 1, 2010, he appeared before the Unit Classification Committee (UCC) at which time his request for an overnight family visit was denied. (Doc. No. 1 at 4.) In denying his request, the UCC relied on a police report which reported that in 1994 plaintiff was arrested for inflicting corporal injury on Ms. Hill, who is now plaintiff's wife, in violation of California Penal Code § 273.5. The UCC also referred to California Code of Regulations, title 15, § 3177 (Doc. No. 1, Ex. H) concerning family visitation. Under that regulation, family visits may be prohibited "where substantial documented evidence or information of the misconduct described in section 3177(b)(1) exists, without a criminal conviction." Cal. Code Regs. tit. 15, § 3177(b)(1)(A). Misconduct resulting in the denial of family visits includes willful infliction of corporal injury on a current or former spouse and cohabitant. Id.; Cal. Penal Code § 273.5.

Plaintiff argues that the UCC's decision to deny his request was not supported by sufficient evidence and that he was not involved in any misconduct which would exclude him from obtaining family visits. Plaintiff also contends that his inmate appeals were not timely processed thereby demonstrating that there are "underground regulations" being applied to his detriment. (Doc. No. 1 at 10.)

/////

/////

**IV. Failure to State a Claim**

It is settled law that prisoners do not have a due process or Eighth Amendment constitutional right to visitation.  See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (considering the denial of visitation rights under the Due Process Clause of the Fourteenth Amendment); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996) (considering the denial of visitation rights under the Eight Amendment).  Moreover, prisoners have no constitutional right to contact visitation.  See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir.1994); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir.1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113–114 (9th Cir.1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) .  "The loss of the right to intimate association is simply part and parcel of being imprisoned for conviction of a crime."  Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir.2002).  Therefore, the allegations of plaintiff's complaint challenging the UCC's denial of his request for family visits fail to state a cognizable claim.

To the extent that plaintiff is challenging the decisions rendered in response to his inmate appeals as well as the alleged untimely processing of those inmate appeals, plaintiff has also failed to state a cognizable claim.  Although prison inmates have a right to file grievances, they do not have a liberty interest under the Due Process Clause as to how the grievance is processed and have no entitlement to a specific grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); see also, e.g., Wright v. Shannon, No. 1:05-cv-01485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. 1:09-cv-90931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov.

1  20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any
2  basis failed to indicate a deprivation of federal rights).
3         The undersigned has carefully considered whether plaintiff may amend his
4  pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to
5  amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Blvd.</u>
6  <u>Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). See also <u>Klamath-Lake</u>
7  <u>Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
8  while leave to amend shall be freely given, the court does not have to allow futile amendments).
9  Here, in light of the analysis set forth above, the court finds that granting plaintiff leave to amend
10 his complaint would be futile.

11 **V. Conclusion**

12        In accordance with the above, IT IS HEREBY ORDERED that:
13        1. Plaintiff's July 19, 2012 application to proceed in forma pauperis (Doc. No. 2)
14 is granted.
15        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 Plaintiff is assessed an initial partial filing fee. All fees shall be collected and paid in accordance
17 with this court's order to the Director of the California Department of Corrections and
18 Rehabilitation filed concurrently herewith.
19        3. This action is dismissed for failure to state a claim.
20 DATED: April 12, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

23 DAD:4
   jjohn1903.fsc

5